In the Matter of WILLIAM T. DAGHER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.

Second Department, July 23, 1975

*Myles N. Weintraud* for petitioner.

*Curtis, Hart & Zaklukiewicz (Edward J. Hart* of counsel), for respondent.

*Per Curiam* In this disciplinary proceeding the petitioner has moved to confirm the report of Mr. Justice VELSOR, to whom the proceeding had been referred for hearing and report. The respondent was admitted to the Bar by this court on December 15, 1954.

In this proceeding he was charged with professional misconduct and violation of the Canons of Professional Ethics of the New York State Bar Association in that he pleaded *nolo contendere* in the United States District Court for the Eastern District of New York to a charge that he failed to file a Federal income tax return for the year 1967. On March 24, 1972, the respondent was sentenced to a six-month term of

imprisonment, the execution of which was suspended, and he was placed on probation for a period of one year and fined the sum of $4,500. By his formal answer to the petition, dated May 28, 1974, the respondent admitted that his "plea of nolo contendere was entered to the misdemeanor charge of failure to make an income tax return for the calendar year 1967".

The reporting Justice found the respondent guilty of the charges, but noted that all of the respondent's liability as to the taxes due, including interest and penalties, had been paid. He further found "that other than the subject deviation, the respondent has always conducted himself as a proper citizen and has practiced his profession in a proper manner, earning the respect of his fellow lawyers and community leaders."

After reviewing all of the testimony and exhibits, the report of Mr. Justice VELSOR and the memoranda of law submitted at the hearing, we are in full agreement with the report. We find that the respondent is guilty of the charges. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the measure of discipline to be imposed we have taken into consideration the respondent's previously unblemished record, his excellent reputation in his community and in his profession, the fact that he has paid any and all moneys due the Internal Revenue Service and that he has suffered a criminal conviction and fine. Accordingly, it is our opinion that the respondent be and he hereby is censured for his misconduct.

LATHAM, Acting P. J., CHRIST, BRENNAN, MUNDER and SHAPIRO, JJ., concur.